IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-01167-WDM-CBS

MILLER INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

CLINCH GEAR, INC.,
DAN HENDERSON, individually and in his official capacity as owner of CLINCH GEAR, INC.,
COLLECTIVE BRANDS, INC., a Delaware for profit corporation,
CLINCH, LLC, a Delaware for profit corporation,
COLLECTIVE LICENSING INTERNATIONAL, LLC,

    Defendants.

## ORDER ON PARTIAL MOTIONS TO DISMISS

Miller, J.

This matter is before me on the Motion to Dismiss Claims Seven Through Twelve of the Amended Complaint[1] (ECF No. 29), filed by Defendants, and Motion of Plaintiff for Leave to Dismiss Without Prejudice Claims Eight and Twelve of its Amended Complaint (ECF No. 54). Plaintiff opposes Defendants' motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, Defendants' partial motion to dismiss will be granted. Plaintiff's motion will be denied as moot.

---

[1] After this motion was filed, Plaintiff moved for and was granted leave to submit a Second Amended Complaint, ECF No. 49. Because the Second Amended Complaint contains the same allegations and claims at issue in the Amended Complaint, my analysis applies to the Second Amended Complaint as well as the Amended Complaint.

Background

According to the Plaintiff's Amended Complaint and Second Amended Complaint (ECF Nos. 6 & 49), Plaintiff is a clothing company with an array of brands. Plaintiff owns various registered trademarks, collectively referred to here as the "CINCH Marks," which are used for a variety of apparel and accessory products. Defendants Dan Henderson and Clinch Gear, Inc., also produce clothing and use marks (collectively the "CLINCH GEAR Marks") that Plaintiff contends are confusingly similar to the CINCH Marks. Defendant Collective Brands is a Delaware corporation. The CLINCH GEAR Marks were assigned to Collective Brands or its affiliate, which is now using them in connection with the sale of clothing and entertainment services.

Plaintiff's Amended Complaint asserts the following claims for relief: (1) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark infringement violation of the Lanham Act, 15 U.S.C. § 1114(a); (3) violation of the Colorado Consumer Protection Act ("CCPA"); (4) unfair competition; (5) common law trademark and trade name infringement; (6) trademark dilution; (7) alter ego liability; (8) common law fraud; (9) declaratory relief; (10) violation of the Colorado Uniform Fraudulent Transfer Act ("CUFTA"); (11) civil conspiracy; and (12) claim for attachment pursuant to Rule 102 of the Colorado Rules of Civil Procedure.

In their motion, Defendants seek dismissal of Claims 7-12. In response to Defendants' motion, Plaintiff confessed and agreed to dismiss Claim 8 (common law fraud) and Claim 12 (attachment). Plaintiff's Response to Mot. to Dismiss, ECF No. 37, 2-3. The Second Amended Complaint does not contain these claims. ECF No. 49. Accordingly, I examine only the arguments relating to Claims 7, 9, 10, and 11 of the Amended Complaint,

2

renamed as Claims 7-10 of the Second Amended Complaint. Because the Second Amended Complaint supplants the Amended Complaint, Plaintiff's motion to dismiss Claims 8 and 12 of the Amended Complaint is moot.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1. Alter Ego

Plaintiff seeks to impose individual liability on Defendant Henderson by asserting that the corporation is his alter ego. Defendants argue that this claim fails because Plaintiff has pleaded only conclusory allegations and does not offer any real facts to support its assertion that the corporate veil should be pierced. I agree.

Plaintiff's allegations are "upon information and belief" and assert that Defendant Henderson has "completely controlled, dominated, managed and operated Defendant CLINCH GEAR and/or intermingled his assets with those of CLINCH GEAR to suit his convenience and wrongfully and knowingly diverted corporate funds and assets for other than corporate use . . . . and other-wise used Defendant CLINCH GEAR to evade his contractual obligations and/or to engage in fraudulent and/or wrongful acts and/or conduct

3

for his personal benefit and to avoid individual liability for the above-mentioned Causes of Action."  Amended Complaint, ECF No. 6, ¶ 57.

"The plausibility standard is not akin to a 'probability requirement,'" but the allegations must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*).  Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Id.* at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief."  *Id.*

Not only are Plaintiff's allegations conclusory, they are provided "upon information and belief."  Although no party has raised the issue, it appears to me that Rule 9 of the Federal Rules of Civil Procedure could apply in that Plaintiff has alleged that Defendant Henderson has used the corporation to engage in fraud.  "Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief."  *Scheidt v. Klein,* 956 F.2d 963, 967 (10th Cir. 1992) (citation omitted).  Here, however, Plaintiff has alleged no facts from which one could discern what information has led it to believe that the corporate form has been abused.  Plaintiff's allegations are joined by the connector "and/or," indicating that Plaintiff is not even sure how or for what purpose

4

the corporation was improperly used. These are the type of speculative, conclusory allegations that are insufficient to state a claim under the standards of *Twombly* and *Iqbal*. Dismissal is appropriate; however, dismissal will be without prejudice to amending the complaint should Plaintiff discover facts that would support this claim.

2. Fraudulent Conveyance and Declaratory Judgment

Plaintiff's Ninth (declaratory judgment) and Tenth Claims (CUFTA) are related in that they both rest on the premise that the CLINCH GEAR Marks were improperly assigned from Clinch Gear, Inc., to Collective Brands. Plaintiff seeks a declaration that the transfer was invalid and void.

Defendants argue that the CUFTA does not apply because they are not "debtors" as defined by the statute and Plaintiff is not a "creditor." Further, they contend that Plaintiff's allegations are insufficient under Rule 9 of the Federal Rules of Civil Procedure because they fail to set forth with particularity the circumstances constituting the alleged fraud. Again, I agree.

Plaintiff's allegations regarding the alleged fraudulent conveyance state that the Defendants

> transferred the ownership of the mark CLINCH with the purposeful intent to defraud Plaintiff CINCH® and frustrate the judicial process. All Defendants were aware of service of [this] lawsuit and subsequently took action to hide the unlawful mark CLINCH behind the veil of COLLECTIVE BRANDS to defraud Plaintiff CINCH® and this Court. On information and belief, the transfer of CLINCH to COLLECTIVE BRANDS was suspiciously done in an "overnight" deal. On information and belief, the mark CLINCH was sold to COLLECTIVE BRANDS for nothing close to reasonable value as defined by Dan Henderson a mere few weeks before.

Amended Complaint, ECF No. 6, ¶ 65. These allegations are conclusory and made "on

5

information and belief" but again with no specificity, as required by the law of this circuit, to show how such belief was formed. Because there is no question that Rule 9 would apply here, I conclude that Plaintiff's allegations lack the required specificity to show the circumstances amounting to fraud.

In addition, I question whether the CUFTA would even apply in these circumstances. The pertinent provision of the CUFTA states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (I) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (II) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

C.R.S. § 38-8-105(1). A "debtor" is defined as "a person who is liable on a claim" and a "creditor" means "a person who has a claim." C.R.S. §§ 38-8-102(5), (7). A claim means "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." C.R.S. § 38-8-102(3). Here, the statutory definition might be broad enough to cover the facts here, since if Plaintiff is successful it will have a right to payment and the statute contemplates that a creditor's claim may arise after the transfer was made.

However, I note that Plaintiff has alleged no injury or damage as a result of the transfer, or even shown how the transfer could have hindered or frustrated Plaintiff or this litigation. There is no allegation that Plaintiff was unable to discover the current owner of the CLINCH GEAR Marks; indeed, Plaintiff does not dispute Defendants' assertion that notice of the assignment was filed with the United States Patent and Trademark Office. It appears that all of the interested parties are now joined in this lawsuit. Plaintiff has not alleged that Collective Brands has insufficient assets to satisfy a judgment should Plaintiff be awarded damages on its trademark claims. Even if Plaintiff is correct that a lower value was paid for the CLINCH GEAR Marks, there is no indication that Plaintiff intends to transact any business with the former holder of the Marks that would put it in jeopardy of nonpayment. Under the circumstances, I fail to see how the transfer has affected Plaintiff in any way.

3. Civil Conspiracy

Finally, Defendants argue that Plaintiff's civil conspiracy claim should be dismissed because there are no facts alleged that would show any unlawful act in furtherance of an agreed goal, as well as no injury or damages.[2] In response, Plaintiff contends that the conspiracy claim is derivative of its fraudulent transfer claim. Since I have concluded the fraudulent transfer claim is not adequately plead, the civil conspiracy claim also fails.

Moreover, as discussed above, I agree that Plaintiff has failed to allege any

---

[2]Defendants contend that California law applies to any claims relating to the assignment, which Plaintiff disputes. However, I need not determine whether Colorado or California law would apply, as the elements of an overt unlawful act and damages are required under either state's law. *See Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l., L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003); *Rusheen v. Cohen*, 128 P.3d 713, 722 (Calif. 2006).

damages resulting to it from the transfer of the CLINCH GEAR Marks. Plaintiff alleges that the transfer somehow will both "hide" the asset while at the same time Defendants "operate and gain notoriety" for the marks, which will be detrimental to the CINCH Mark's value. Amended Complaint, ECF No. 6, ¶ 70. As plead, these are damages that belong to the trademark infringement claims and do not demonstrate any injury specifically caused by the transfer.

Finally, Plaintiff argues that although Defendant has offered information external to the pleadings, the motion should not be converted to a motion for summary judgment. Because I have relied only the facts alleged in the pleadings in this decision, other than the uncontested fact that the notice of assignment was recorded with the Patent and Trademark Office, I see no reason to convert the motion to one for summary judgment.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss Claims Seven Through Twelve of the Amended Complaint (ECF No. 29) is granted. Claims 7, 9, 10, and 11 of the Amended Complaint, renamed as Claims 7-10 of the Second Amended Complaint, are dismissed without prejudice.

2. The Motion of Plaintiff for Leave to Dismiss Without Prejudice Claims Eight and Twelve of its Amended Complaint (ECF No. 54) is denied as moot.

DATED at Denver, Colorado, on October 25, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge